IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>$26,631.00 IN UNITED STATES CURRENCY,<br><br>          Defendant. | Case No. |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, Timothy A. Garrison, United States Attorney for the Western District of Missouri and Amy B. Blackburn, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(6).

## THE DEFENDANT IN REM

2. The defendant $26,631.00 in United States currency was seized from TONG MOUA VANG on February 20, 2018, following a traffic stop in Harrisonville, Missouri. It is presently in the custody of the United States Marshals Service in Kansas City, Missouri.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under

28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1395, because the action accrued in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. On February 20, 2018, at approximately 3:05 p.m., Police Officer (P.O.) Matthew McCulloch of the Harrisonville, Missouri Police Department was conducting traffic enforcement activities on Interstate 49 (I-49) in Harrisonville, Cass County, Missouri.

8. While sitting stationary on northbound I-49 near the Highway 7 exit, P.O. McCulloch observed a red 2004 BMW 330i, 4-Door sedan bearing Oklahoma license plate ETH-444 (the BMW) pass with dark tinted windows, making it impossible to view the interior of the vehicle.

2

9. In the state of Missouri, any person operating a motor vehicle in Missouri, registered in Missouri or any other state, is not to have vision reducing material to the left and right of the driver that is less than 35% of light transmittal.

10. P.O. McCulloch drove his patrol car onto the highway and began to follow the BMW. The BMW then immediately exited off onto the Highway 7 off-ramp. Because P.O. McCulloch was following behind the BMW, P.O. McCulloch believed that the driver of the BMW was attempting to avoid police contact.

11. During the process of exiting the highway, P.O. McCulloch observed the BMW in the right lane of the exit ramp with the right turn signal activated as if the driver intended to make an eastbound turn onto Highway 7. P.O. McCulloch then saw the driver activate the left turn signal of the BMW, changing into the left lane of the exit ramp and crossing over the white solid centerline.

12. Due to this traffic infraction of illegal lane change, P.O. McCulloch activated his emergency lights and siren signaling for the BMW to pull over for a traffic stop. The BMW made the westbound turn and turned into the parking lot of the Love's Travel Shop located at 2611 S. Brookhart Drive, Harrisonville, Cass County, Missouri.

13. Once the BMW stopped, P.O. McCulloch exited his patrol car and contacted the driver and sole occupant of the BMW, later identified as TONG MOUA VANG (VANG). P.O. McCulloch told VANG the reason for the traffic stop and asked VANG to provide his driver's license and proof of insurance.

14. P.O. McCulloch saw that VANG was very nervous, with his hands shaking uncontrollably while obtaining the requested documentation. P.O. McCulloch also saw a single key in the BMW's ignition and two cellular telephones in plain view.

3

15. As VANG retrieved his State of California Driver's License and vehicle's title, VANG told P.O. McCulloch that he spent the night in Tulsa, Oklahoma, to purchase the BMW he was driving. VANG explained to P.O. McCulloch that he did not have insurance on the BMW.

16. P.O. McCulloch asked VANG where he resided and VANG said Minnesota. P.O. McCulloch asked VANG for his current address. VANG said he did not know the exact address.

17. P.O. McCulloch asked VANG how he initially got to Oklahoma. VANG claimed a friend drove him there and dropped him off.

18. P.O. McCulloch asked VANG to follow him to his patrol vehicle to conduct a computer records check.

19. While in his patrol vehicle, P.O. McCulloch requested a second unit.

20. P.O. McCulloch engaged in general conversation with VANG. P.O. McCulloch asked VANG about his employment history. VANG said he did IT (Information Technology) work. When P.O. McCulloch asked VANG what he actually did, VANG replied with a very vague response -- stating he checks the internet and stuff.

21. P.O. McCulloch asked VANG a second time who drove him from Minnesota to Tulsa. This time, VANG claimed that his brother gave him a ride, changing his prior answer on the subject.

22. Because VANG had a valid driver's license and did not have any outstanding warrants, P.O. McCulloch told VANG that he would issue a warning ticket and returned VANG's license and title to VANG.

4

Case 4:18-cv-00584-BCW   Document 1   Filed 07/30/18   Page 4 of 10

23. Due to the story and indicators observed by P.O. McCulloch, P.O. McCulloch asked VANG if VANG had any narcotics and/or large sums of currency in the BMW. VANG replied, "No, I have nothing."

24. A second Patrol Officer then arrived on the scene.

25. P.O. McCulloch then asked VANG if he could search the BMW. VANG gave P.O. McCulloch consent to search.

26. VANG stood outside with the second Patrol Officer while P.O. McCulloch searched the BMW.

27. Upon searching the interior of the vehicle, P.O. McCulloch did not locate any change of clothing or luggage inside the BMW. P.O. McCulloch found this to be odd due to the long travels and VANG stating that he spent the night in Tulsa.

28. P.O. McCulloch found that the glove compartment was locked. P.O. McCulloch used the key in the ignition to open the glove compartment and found a plastic grocery bag with the number "2" written on it. Further inspection within the bag revealed multiple bundles of United States currency in numerous denominations and banded in the way couriers transport narcotic proceeds.

29. P.O. McCulloch reinitiated contact with VANG and informed him of his discovery. When asked by P.O. McCulloch if he had large sums of currency in the BMW, VANG told him "No," because the money was not his, that the money belonged to his brother, and that he was in the process of taking the money back to his brother.

30. P.O. McCulloch advised VANG his *Miranda Rights*, and VANG said he understood.

31. VANG stated he and his brother were buying the BMW and a truck in Tulsa. When they looked at the truck, VANG and his brother decided not to purchase the truck and just purchase the BMW.

32. P.O. McCulloch then returned to the BMW to finish his search. P.O. McCulloch located a $1.00 in the passenger side door pocket and $630.00 in the driver's side door pocket.

33. P.O. McCulloch further checked VANG's record by requesting a criminal history check revealing a pending case out of Tulsa, Oklahoma, for Trafficking Illegal Narcotics and Use of a Weapon in the Commission of a Felony.

34. In addition, P.O. McCulloch received a hit from the Immigration and Customs Enforcement (ICE) that showed VANG's status in the United States was as a "Permanent Resident." The date of the offense for the charges of the pending case was February 7, 2017, when a state search warrant was executed on the residence VANG occupied resulting in the seizure of approximately 170 pounds of suspected marijuana. In addition, in his post-Miranda interview, VANG admitted to law enforcement that he was a distributor of marijuana and owned 2.5 acres of land in California where he grows and cultivates marijuana.

35. Due to the totality of the contact and the criminal indicators observed by P.O. McCulloch, law enforcement seized the United States currency from VANG. Harrisonville law enforcement allowed VANG to leave with his BMW.

36. Officers transported the United States currency to the Harrisonville, Missouri Police Department, 205 N. Lexington Street, Harrisonville, Cass County, Missouri for processing. The total of the official count and denominations are as follows:

- $ 100.00  x   120  =   $ 12,000.00
- $  50.00  x    15  =   $    750.00
- $  20.00  x   681  =   $ 13,620.00
- $  10.00  x    13  =   $    130.00
- $   5.00  x    24  =   $    120.00
- $   1.00  x    11  =   $     11.00
- **TOTAL**              **$ 26,631.00**

37.    A review of the facts supports the conclusion that the United States currency is related to drug trafficking:

- Evasive behavior of VANG's driving prior to the traffic stop;
- Refusal to give an exact residential address by VANG;
- Nervousness of VANG during the contact with law enforcement;
- Change of VANG's story regarding his travels to Tulsa, Oklahoma;
- Lack of clothing in the vehicle that VANG was driving;
- Discovery of the United States currency in the glove compartment;
- The numerous denominations and banding of the United States currency;
- VANG's criminal history and pending narcotics case in Tulsa, Oklahoma.
- VANG's admission to Tulsa authorities of cultivating and distributing marijuana.

38.    On March 21, 2018, the Drug Enforcement Administration seized the defendant $26,631.00 in United States currency from the Harrisonville, Missouri Police Department.

## **CLAIM FOR RELIEF**

### FIRST CLAIM FOR RELIEF

39.    The Plaintiff repeats and incorporates by reference the paragraphs above.

40.    By the foregoing and other acts, the defendant $26,631.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for

7

a controlled substance or listed chemical in in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

<h2 style="text-align:center">SECOND CLAIM FOR RELIEF</h2>

41. The Plaintiff repeats and incorporates by reference the paragraphs above.

42. By the foregoing and other acts, the defendant $26,631.00 in United States currency constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

<h2 style="text-align:center">THIRD CLAIM FOR RELIEF</h2>

43. The Plaintiff repeats and incorporates by reference the paragraphs above.

44. By the foregoing and other acts, the defendant $26,631.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By     */s/* **Amy B. Blackburn**
Amy B. Blackburn, MO #48222
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: amy.blackburn@usdoj.gov

# VERIFICATION

I, Task Force Officer Errol E. Riggins, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint <u>in Rem</u> and know the contents thereof, and that the factual matters contained in paragraphs seven through twenty-eight of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated   7/30/18                                                    */s/ Errol E. Riggins*
                                                                                     Errol E. Riggins
                                                                                     Task Force Officer
                                                                                     Drug Enforcement Administration

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**
First Listed Plaintiff:
United States of America ;
**County of Residence:** Jackson County

**Defendant(s):**
First Listed Defendant:
$26,631.00 in United States Currency ;
**County of Residence:** Jackson County

**County Where Claim For Relief Arose:** Jackson County

**Plaintiff's Attorney(s):**
Assistant United States Attorney Amy B. Blackburn ( United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:** 816-426-7173
**Fax:**
**Email:** amy.blackburn@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
　　**Plaintiff:** N/A
　　**Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 625 Drug-Related Seizure of Property (21 U.S.C. 881)

**Cause of Action:** The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3)

money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

**Requested in Complaint**

    **Class Action:** Not filed as a Class Action

    **Monetary Demand (in Thousands):**

    **Jury Demand:** No

    **Related Cases:** Is NOT a refiling of a previously dismissed action

---

**Signature:** Amy B. Blackburn

**Date:** 7/30/18

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.